UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

                        CR No: 07-20130
                        Honorable Denise Page Hood

-v-

**HAKIM HOYLE**,
a/k/a/ CARLTON HOYLE

    **Defendant.**
_____/

## ORDER DISMISSING DEFENDANT'S MOTION FOR DISCLOSURE OF DISCOVERY AND BRADY MATERIALS WITHOUT PREJUDICE

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion for Disclosure of Discovery and Brady Materials, filed on August 16, 2007. The Government filed a Response on August 31, 2007. Defendant filed a Reply on August 31, 2007. The Court held evidentiary hearings on the motion on October 2 and 22, 2007.

**II.    BACKGROUND**

    A.    Briefs

The Government's brief alleges as follows: On December 20, 2006, at 2:50 a.m., Detroit Police Officers were dispatched to investigate "bitter" complaints of drug trafficking at 2907 Fourth Street, a unit within Jeffries Projects. The location was known by police officers to be vacant, without valid electricity, and without front or rear door locks.

As the officers approached the unit, Defendant Hakim Hoyle opened the front door and attempted to exit. However, when Defendant saw the officers approaching, he attempted to close the door, ran back into the house, and fled to the basement. The officers followed and witnessed

Defendant remove objects from his pocket and place them in a furnace duct. The officers recovered two clear plastic bags of crack cocaine (19.22 grams) and a loaded .22 caliber revolver from the duct and subsequently arrested Defendant.

The Indictment against Defendant alleges three counts: 1) Felon-Firearm, 18 U.S.C. § 922(g) (Count I); 2) Possession of Cocaine Base with intent to distribute, 21 U.S.C. § 841(A)(1) (Count II); and 3) Carrying a Firearm During and in Relation to a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (Count III).

B. Testimony

The Court heard testimony from several Detroit Police Department officers on October 2, 2007 and October 22, 2007, including Officers Steven Thompson and Christopher Rhinehard. Officers Thompson and Rhinehard were called as defense witnesses. Neither officer had any contact with Defendant during the raid. The Court limited defense counsel's questioning of these officers to the specific issues of whether they had personal logs of "bitter complaints" or previous encounters at the raided unit, and whether any residents of the Jeffries Projects had filed a complaint against them. Both officers responded in the negative to these questions.

III. APPLICABLE LAW & ANALYSIS

Defendant requests disclosure of any exculpatory evidence from the Government pursuant to the Court's Standing Order for Discovery and Inspection, Fed.R.Crim.P. 16(a)(1)(C), *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, Rule 404(b) evidence. Specifically, Defendant requests:

> information relating to the investigating officers, specifically any information relating to prior internal investigations of those officers and/or complaints from Jeffries Projects residences against those officers.

(Defendant's Reply to Government's Response to Defendant's Motion to Suppress, at 2.) Defendant goes on to request, additionally:

> (1) the existence of, (2) substance of, and (3) result of any prior internal police investigations, and any civilian complaints filed against the named officers.

(*Id.* at 4.)[1]

18 U.S.C. § 3500 states that any statement or report in the possession of the Government made by a Government witness or prospective Government witness need not be subjected to subpoena or discovery or inspection until the witness has testified on direct examination at trial. Witness statements as defined under § 3500(e) includes: 1) written statements made by the witness and signed or otherwise adopted or approved by the witness; 2) contemporaneous and substantially verbatim electronic recordings; and 3) grand jury transcripts. Interview notes of an investigating agent are not Jencks Act material unless the witness adopts the report by signing it, reading it, or having it read to him. *United States v. Nathan,* 816 F.2d 230, 237 (6th Cir. 1987). The court has no general supervisory power to order the production of those records prior to the witness testifying. *United States v. Algie,* 667 F.2d 569 (6th Cir. 1982). The Sixth Circuit has held that there is no requirement that Jencks material be distributed prior to the trial. *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988).

Applying the law to the facts of this case, the Court cannot sustain Defendant's Disclosure of Discovery and Brady Materials at this time. Defendant was presented with an opportunity for

---

[1] In response to Defendant's request, the Government has indicated that the information sought by Defendant was not available to the Government. (*Id.* at 3.) At the October 2, 2007 hearing, the Court ordered the Government to contact the Detroit Police Department regarding Defendant's specific *Brady* requests. The Government complied, making it possible for Defendant's counsel to directly examine Officers Thompson and Rhinehard at the October 22, 2007 hearing.

additional discovery at the October 22, 2007 hearing. If, however, the Government calls the arresting officers in this case as witnesses at trial, the Court may compel the Government to comply with Defendant's discovery requests.

**IV.     CONCLUSION**

For the reasons stated above,

IT IS ORDERED Defendant's Motion Disclosure of Discovery and Brady Materials [Docket No. 22, filed on August 16, 2007] is DISMISSED WITHOUT PREJUDICE.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: January 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 8, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager